IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARVIN ALBRO, #13969-078 | § | |
| VS. | § | CIVIL ACTION NO. 9:09cv153 |
| | | CRIM. NO. 9:06CR00025-001 |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that Albro's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 should be denied. Albro has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Albro to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections by Albro are without merit.

Albro specified in his objections that he did not object to the finding that his trial attorney was not ineffective. On the other hand, he did object to the finding that his appellate attorney was not ineffective. He argued that appellate counsel was ineffective for failing to raise the issue of insufficient evidence on appeal.

The two-prong *Strickland*[1] test applies to claims of ineffective assistance of counsel by appellate counsel. *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available. *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1999). Rather, it means that counsel must have performed in a reasonably effective manner. *Id.* To demonstrate prejudice, the Petitioner must

---

[1] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

1

"show a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001) (citations omitted).

The Fifth Circuit has explained that the burden on appeal of proving that there was insufficient evidence is high:

> The appellants challenge the sufficiency of the evidence against them. The standard for such claims is high. The question is one of sufficiency of the evidence, not its credibility. In reviewing the sufficiency of the evidence, we view the evidence and the inferences drawn therefrom in the light most favorable to the verdict, and we determine whether a rational jury could have found the defendant guilty beyond a reasonable doubt.

*United States v. Brown*, 553 F.3d 768, 780 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2812 (2009) (internal quotes and citations omitted). Both trial counsel and appellate counsel testified during the evidentiary hearing that they believed the evidence was sufficient. The strategy at trial was to persuade the jury that the prosecution witnesses were not credible. In his objections, Albro focused on evidence that could have led a jury to render a not guilty verdict, but he did not show that a rational jury could not have found him guilty beyond a reasonable doubt. Albro has not shown that he was prejudiced by appellate counsel's failure to raise an insufficient evidence claim. He has not shown that his appellate attorney was ineffective. The Court is of the opinion, and so finds, that the objections lack merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Albro's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the cause of action is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**. It is finally

**ORDERED** that the order appointing Seth H. Kretzer to represent Albro (docket entry #17) is **VACATED**.

So **ORDERED** and **SIGNED** this **24** day of **August, 2010.**

_____
Ron Clark, United States District Judge